**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRANSPERFECT GLOBAL, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> LIONBRIDGE TECHNOLOGIES, INC., and H.I.G. MIDDLE MARKET, LLC, <br><br> Defendants. | Case No. 1:19-cv-03283 (DLC) <br><br> **STIPULATION AND [PROPOSED] ORDER REGARDING CONFIDENTIAL DISCOVERY MATERIAL** |

Subject to the approval of the Court, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned parties to this litigation through their respective counsel, that the following provisions of this Protective Order (the "Protective Order") shall govern the exchange of confidential information in this matter:

1. Counsel for any party, person or entity producing in discovery may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as "Confidential" or "Highly Confidential" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client as detailed in the paragraphs below.  It is the intent of the parties and of the Court that information will not be designated as Confidential or Highly Confidential for tactical reasons and that nothing shall be designated as Confidential or Highly Confidential without a good faith belief that there is good cause why it should not be part of the public record in this case.

2. "Past Confidentiality Agreement" means the June 2, 2017 letter agreement between H.I.G. Middle Market, LLC and TransPerfect Global, Inc., subject line "Confidentiality Agreement," together with any modifications, riders, exhibits, addenda or amendments thereto.

FG:10974382.6

3. "Clean Room Agreement" means the October 26, 2017 letter agreement between H.I.G. Middle Market, LLC and TransPerfect Global, Inc., subject line "Disclosure of Certain Evaluation Material," together with any modifications, riders, exhibits, addenda or amendments thereto.

4. "Clean Room Information" means any documents or information (1) placed in the data folder set up pursuant to the Clean Room Agreement (the "Clean Room") and (2) governed by the Clean Room Agreement.

5. "Confidential Information" means trade secrets, commercially sensitive business information, sensitive personal or financial information, that is produced in this litigation, except that Confidential Information shall not include (1) any information which was lawfully and properly in the possession of any party as of the commencement of this lawsuit and was not shared as confidential information in the first instance, or (2) any information which is in the public domain.

6. "Highly Confidential Information" means information or documents that (i) satisfies the requirements of Paragraph 5 above, or is non-public personal information including but not limited to medical information, personal information regarding family members, or Social Security numbers and (ii) the disclosure, or further disclosure, of which would result in a clearly defined, serious and irreparable injury to the designating party that cannot reasonably be protected by alternate means. If challenged, the party designating information or documents (the "designating party") as Highly Confidential Information bears the burden of establishing good cause for treatment as Highly Confidential Information and must make a showing consistent with (i) and (ii).

7. Information and documents may be designated as Confidential Information or Highly Confidential Information by any party to this action, whether or not the designating party is the producing party. Information and documents may also be designated as Confidential Information or Highly Confidential Information by the person or entity producing it, whether or not the producing party is a party to this action. Such designations may only be made if the information and documents are (a) produced or served, formally or informally, pursuant to the Federal Rules of Civil Procedure, Court Order, or in response to any other formal or informal discovery request in this action; and/or (b) filed with the Court. Information and documents designated as Confidential Information are to be stamped "CONFIDENTIAL." Information and documents designated as Highly Confidential Information are to be stamped with "HIGHLY CONFIDENTIAL."

8. The parties agree that "Evaluation Material" and "Derivative Works," as those terms are defined in the Past Confidentiality Agreement, including but not limited to Clean Room Information, shall be discoverable in this action. The parties agree to produce all Evaluation Material, Derivative Works and Clean Room Information in response to any timely and proper demands therefor. If Defendants produce any Clean Room Information without designating it as Highly Confidential Information, it shall be treated as Highly Confidential Information for a period of 30 days, to afford Plaintiff adequate opportunity to apply a Confidential or Highly Confidential designation in accordance with this Order. If Plaintiff does not designate the Clean Room Information as Highly Confidential Information within 30 days of its production, Defendants shall be under no further obligation to treat it as such.

9. Unless ordered by the Court or otherwise provided for herein, the Confidential Information and Highly Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action. Confidential Information and Highly Confidential Information shall not be used for any purpose separate or distinct from this litigation.

10. Any party may challenge the confidential treatment of any document designated by another party at any time, on the grounds that the information or material should not have been marked for confidential or highly confidential treatment.  In the event that a party challenges another party's designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court.  The burden rests on the designating party seeking confidentiality to demonstrate that the designation is appropriate.  In any application to the Court referred to or permitted by this Protective Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.  Nothing in this Protective Order constitutes an admission by any party that Confidential Information or Highly Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information or Highly Confidential Information disclosed, in accordance with applicable laws and court rules.  A party's election not to challenge the Confidential or Highly Confidential treatment of any document produced by any other party shall not be construed as an admission that such document contains trade secrets or otherwise satisfies the criteria set forth in this Order for designation of Confidential Information and Highly Confidential Information.

11. Information or documents designated as "Confidential Information" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, only to the following persons:

    a. Outside counsel of record for parties in the Litigation and any other counsel employed by any party to the Litigation, and regular or temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of the Litigation for use in accordance with the Protective Order;

    b. Subject to Paragraphs 13 and 14, experts, consultants, and investigators (including their professional staff) assisting counsel for parties that have appeared in the Litigation;

    c. Subject to Paragraphs 13 and 14, the parties in the Litigation, and the directors, officers, and employees of the parties who are assisting counsel in the Litigation;

    d. Any person indicated to be the author, addressee, or a copy recipient of the Confidential Information, or any other person who otherwise is shown to have knowledge of the Confidential Information, the receipt of which is not otherwise a violation of this Protective Order;

    e. Subject to Paragraphs 13 and 14, witnesses, noticed or subpoenaed deponents, and their counsel. Those witnesses or deponents who are shown Confidential Information shall not be allowed to retain copies;

    f. The Court, court personnel, any appellate court having jurisdiction of any appeal of this action, and jurors, potential jurors, or alternate jurors;

    g. Court reporters and videographers (and their staff) employed in connection with the Litigation;

    h. Mediators and any person carrying on an insurance business that may be liable to satisfy part or all of any judgment which may be entered in the Litigation, or to indemnify or reimburse for payments made to satisfy a judgment; and

    i. Any other person only upon order of the Court or upon stipulation of the party that produced the Confidential Information.

12. Information or documents designated as "Highly Confidential Information" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, only to the following persons:

    a. Subject to Paragraphs 13 and 14, outside counsel of record for parties in the Litigation, regular or temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of the Litigation, for use in accordance with this Protective Order;

b.  Subject to Paragraphs 13 and 14, experts, consultants, and investigators (including their professional staff) assisting counsel for parties that have appeared in the Litigation;

c.  Any person indicated to be the author, addressee, or copy recipient of a document;

d.  Subject to Paragraphs 13 and 14, any **[PLAINTIFF'S PROPOSAL:] non-party [DEFENDANTS' PROPOSAL:] person** who is shown to have knowledge of the Highly Confidential Information therein the receipt of which is not otherwise a violation of this Protective Order;

e.  Subject to Paragraphs 13 and 14, **[PLAINTIFF'S PROPOSAL:] non-party [DEFENDANTS' PROPOSAL: none]** witnesses, noticed non-party subpoenaed deponents and their counsel, but only to the extent said Highly Confidential Information is necessary during the course of the testimony of the witness or deponent;

f.  The designating party, and any of its directors, officers and employees who are assisting counsel in the Litigation;

g.  The Court, Court Personnel, any appellate court having jurisdiction of any appeal of this action, and jurors, potential jurors, or alternative jurors;

h.  Court reporters and videographers (and their staff) employed in connection with this Litigation;

i.  Mediators and any person carrying on an insurance business that may be liable to satisfy part or all of any judgment which may be entered in the Litigation, or to indemnify or reimburse for payments made to satisfy a judgment; and

j.  Any other person only upon order of the Court or upon stipulation of the party that produced the discovery material designated "Highly Confidential Information."

**[PLAINTIFF'S PROPOSAL:] Highly Confidential Information may not be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to any party (or its directors, officers and employees) other than the designating party (as limited by Paragraph 12(f)), except upon a showing of good cause, and with the prior approval of the designating party, which shall not be unreasonably withheld. In the event that a designating party unreasonably withholds its approval under this paragraph, the party requesting disclosure may seek resolution with the Court. [DEFENDANTS' PROPOSAL: none].**

6

13. Prior to disclosing or displaying Confidential Information or Highly Confidential Information to any person listed in Paragraph 11(b), (c), and (e), and Paragraph 12(a), (b), (d), and (e) counsel shall:

    a. inform the person of the confidential nature of the information or documents;
    b. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person;
    c. provide the person with a copy of this Protective Order.

14. The Confidential Information and Highly Confidential Information may be displayed to and discussed with the persons identified in Paragraph 11(b), (c), and (e), and Paragraph 12(a), (b), (d) and (e) only on condition that prior to any such display each person must sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event that such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information or Highly Confidential Information may seek appropriate relief from the Court.  Counsel who makes any disclosure of Confidential Information or Highly Confidential Information shall retain each executed copy of Exhibit A and shall circulate copies to all counsel for the opposing party concurrently with the identification of the individual signing Exhibit A.

15. The designating party may waive the confidentiality provisions of this Protective Order as to any information designated as Confidential Information or Highly Confidential Information or any portion thereof only by explicit written waiver.  Such waiver shall not result in a waiver of the confidential status or highly confidential status of any other information deemed Confidential Information or Highly Confidential Information pursuant to this Protective Order. Use of information acquired through independent search or investigation (other than discovery

from the parties to this action or non-party discovery obtained in this action) or which is in the public domain shall not be restricted by the terms of this Protective Order.

16. If any party contends that it inadvertently produced material without marking it with the appropriate confidentiality designation or inadvertently produced material with an incorrect confidentiality designation, the producing party may give written notice to the receiving party or parties, including appropriately stamped substitute copies of the material. Within ten (10) business days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked or mismarked items and all copies thereof and provide written confirmation to the producing party.

17. The testimony of any witness deposed on oral examination shall be deemed Highly Confidential Information for a period of thirty (30) days after receipt by counsel of the transcript of the deposition. The fact that a question posed at a deposition would elicit Confidential Information or Highly Confidential Information shall not be grounds for an objection, but shall be grounds for sequestration of any deposition attendee not permitted to receive Confidential Information or Highly Confidential Information (as applicable) by the terms of this Protective Order, prior to the answering of such question. If counsel believes that the deposition transcript or a portion thereof constitutes Confidential Information or Highly Confidential Information, counsel shall designate by page and line number, in writing, to opposing counsel within the thirty-day period those portions of the transcript constituting Confidential Information or Highly Confidential Information. Any portion that is not designated is deemed not to contain Confidential Information or Highly Confidential Information. The Protective Order shall not preclude counsel for the parties from using during any deposition in this action any documents or information that

has been designated as Confidential Information or Highly Confidential Information, subject to Paragraphs 11 through 14.

18. All information subject to confidential treatment in accordance with the terms of this Protective Order that is filed with the Court, including any pleadings, motions or other papers filed with the Court that includes Confidential Information or Highly Confidential Information, shall be filed under seal to the extent permitted by law (including, without limitation, any applicable rules of court) and shall be kept under seal until further order of the Court. It shall be the obligation of the party filing any pleadings, motions or other papers with the Court that contain Confidential Information or Highly Confidential Information to comply with the applicable rules of court, including the Court's Individual Practices, regarding redaction and filing under seal, including Rule 7.B of this Court's Individual Practices in Civil Cases. To the extent that the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the submission of this Protective Order, or measures necessary to comply with Court rules regarding redactions and filing under seal), it shall be the obligation of the designating party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only the portions of the filings containing Confidential Information or Highly Confidential Information shall be filed under seal.

19. This Protective Order may be amended by the agreement of counsel for the parties in the form of a written amendment to the Protective Order.

20. At the conclusion of the litigation, the Confidential Information and Highly Confidential Information and any copies thereof shall be promptly (and in no event no later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the designating party or certified as destroyed, except that the parties' counsel shall be permitted to

retain their working files on the condition that such files will remain confidential. The producing party shall be permitted to retain a copy of documents containing Confidential Information and Highly Confidential Information as may be required by law or other controlling regulations.

21. Pending court approval of this Protective Order, the parties agree to abide by all of its terms, as if it had been approved by the Court.

22. Nothing in this Protective Order shall limit a party's use of its own information or material, or prevent a party from disclosing its own information or materials to any person. Such disclosure shall not affect any designation made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

23. Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

24. The foregoing is without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information or Highly Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this order. This Order may be enforced by any party and any violation of this order may result in the imposition of sanctions by the Court.

Dated: May 29, 2020

| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANTS |
|---|---|
| By: /s/ Malcolm Seymour<br>    Andrew J. Goodman<br>    Malcolm Seymour<br>    Jeanne Barenholtz<br>    **FOSTER GARVEY PC**<br>    100 Wall Street, 20th Floor<br>    New York, New York 10005<br>    Tel: (212) 965-4534<br>    Fax: (212) 334-1278<br><br>and<br><br>    Martin P. Russo<br>    Daniel Branower<br>    **RUSSO PLLC**<br>    350 Fifth Avenue, Suite 7230<br>    New York, New York 10118<br>    Tel: (212) 363-2000<br>    Fax: (347 507-2378 | By: /s/ Scott M. Kessler<br>    Scott M. Kessler<br>    **AKERMAN LLP**<br>    666 Fifth Avenue, 20th Floor<br>    New York, New York 10103<br>    T: (212) 880-3800<br>    F: (212) 880-8965<br><br>and<br><br>    Jason S. Oletsky, *admitted pro hac vice*<br>    **AKERMAN LLP**<br>    Las Olas Centre II - Suite 1600<br>    350 East Las Olas Boulevard<br>    Fort Lauderdale, Florida  33301<br>    T:  (954) 463-2700<br>    F:  (954) 463-2224<br><br>and<br><br>    Aaron Marks, P.C.<br>    Farryal Siddiqui<br>    **KIRKLAND & ELLIS LLP**<br>    601 Lexington Avenue<br>    New York, New York 10022<br>    T: (212) 446-4800<br>    F: (212) 446-4900 |

*So Ordered:*

_____
DENISE L. COTE
UNITED STATES DISTRICT JUDGE

# **EXHIBIT A**

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *TransPerfect Global, Inc. v. Lionbridge Technologies, Inc. et al,* Civil Action No. 1:19-cv-03283 (DLC), have been designated as confidential or highly confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are confidential by Order of the Court and cannot be disclosed to any person or used for any purpose other than in this litigation.

      I have read the foregoing statement and the Protective Order and hereby agree that I will comply with the Protective Order and will not disclose any document labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or any information contained in any document labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to any person other than attorneys involved in this litigation. I further agree not to use any document labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or any information contained in any document labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" for any purpose other than this litigation.

Dated: _____

_____
**NAME**

FG:10974382.6