```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
TRANSPERFECT GLOBAL, INC.,               :       19cv3283 (DLC)
                                         :
                       Plaintiff,        :    Memorandum Opinion
            -v-                          :         and Order
                                         :
LIONBRIDGE TECHNOLOGIES, INC. and        :
H.I.G. MIDDLE MARKET, LLC,               :
                                         :
                       Defendants.       :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

The parties dispute whether communications between the defendants and their counsel Kirkland & Ellis LLP ("Kirkland") are protected by the attorney-client privilege and may be withheld from production when responsive to the plaintiff's discovery requests. Kirkland represents the defendants in this litigation and performed work for them during the transaction that underlies this lawsuit. Having reviewed exemplars of the communications at issue, the documents are privileged and may be withheld from production.

This case grows out of an auction ("Auction") for the sale of the plaintiff TransPerfect Global, Inc. ("TransPerfect"). A chief competitor of TransPerfect is defendant Lionbridge Technologies, Inc. ("Lionbridge"), which is owned by co-defendant H.I.G. Middle Market, LLC ("H.I.G."). H.I.G. was

invited to participate in the Auction and, pursuant to a confidentiality agreement, given access to sensitive business information belonging to TransPerfect.

The central issue for H.I.G. during the Auction was whether it should submit a bid to purchase the plaintiff.  To answer this question, the defendants engaged firms to perform due diligence.  Kirkland was one of those firms.  During the period between October 31 and November 9, 2017, H.I.G. and its agents had access to the plaintiff's confidential information contained in a Clean Room.  The defendants will provide at a later point in this litigation an itemized privilege log of communications from this period that they have withheld during document production.

On July 24, 2020, this Court endorsed a schedule for submissions regarding the defendants' invocation of attorney-client privilege for their communications with Kirkland during the relevant period in 2017.  The submission was received on August 24.  As suggested by the Court, the parties' submissions are in the public record except for five exemplars of the withheld documents, which the defendants have provided <u>ex parte</u>.

The attorney-client privilege protects confidential communications between an attorney and a client made for the purpose of obtaining or rendering legal advice.  The purpose of

2

the privilege is to facilitate openness and full disclosure between the attorney and the client.  Upjohn Co. v. United States, 449 U.S. 383, 389 (1981).  The "mere fact that attorneys are involved in a communication does not cloak it with privilege."  Starr Indem. & Liab. Co. v. Am. Claims Mgmt., Inc., No. 13 CIV. 742 (DLC), 2014 WL 1378127, at *2 (S.D.N.Y. Apr. 8, 2014).  Rather, the communications must be "generated for the purpose of obtaining or providing legal advice as opposed to business advice."  In re County of Erie, 473 F.3d 413, 419 (2d Cir.2007).  To determine the purpose of a communication, courts ask "whether the predominant purpose . . . is to render or solicit legal advice."  Id. at 420.  "[L]egal advice involves the interpretation and application of legal principles to guide future conduct or to assess past conduct."  Id. at 419.

Each of the exemplars may be withheld from production on the ground that it contains privileged communications between Kirkland and its clients.[1]  The dates of communications contained in the exemplars run from October 21 to November 13, 2017.  The subjects of those communications are, generally, drafting the bid letter and contract, conducting legal due diligence, and

---

[1] The sole exception to this finding is the initial communication within Exemplar A, which is an email from a Credit-Suisse employee on October 18, 2017.  The defendants do not contend that this communication is privileged and will be producing it.

3

drafting an employment agreement and term sheet. The communications reflect Kirkland's legal analysis and advice concerning those matters.

TransPerfect contends that all of the defendants' objections to production should be rejected and that Kirkland should be required to produce all documents in Kirkland's possession that are responsive to the plaintiff's subpoena without regard to any claim of privilege, or in the alternative that Kirkland should be permitted to redact only pure legal advice and required to produce the description of any information gleaned from the Clean Room to which that advice pertains. TransPerfect fears that the defendants were provided through Kirkland with a list of its top 20 customers, revenue from those customers and the terms of their customer agreements.

TransPerfect's objection to the defendants' invocation of the attorney-client privilege is overruled. Kirkland represents that it has and will produce to TransPerfect non-privileged communications containing information it gleaned from its access to the Clean Room. Kirkland may withhold from production at this time all communications that are substantially similar in subject matter and content to the five exemplars provided <u>ex parte</u>. At the time the privilege log is produced, TransPerferct

will have another opportunity to challenge the defendants' assertion of privilege as to any particular document.

Dated:    New York, New York
          August 31, 2020

                                    _____
                                    DENISE COTE
                                    United States District Judge