**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Aaron Marks, P.C.<br>To Call Writer Directly:<br>+1 212 446 4856<br>aaron.marks@kirkland.com | 601 Lexington Avenue<br>New York, NY 10022<br>United States<br>+1 212 446 4800<br>www.kirkland.com | Facsimile:<br>+1 212 446 4900 |

**MEMO ENDORSED**

October 6, 2020

TransPerfect's October 1 request is denied.  10.07.20

_____
DENISE COTE
United States District Judge

**VIA ECF**
The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

Re:     *TransPerfect Global, Inc. v. Lionbridge Technologies, et al.*, Case No. 1:19-cv-03283-DLC

Dear Judge Cote:

We write in response to TransPerfect's October 1, 2020 letter seeking to compel documents pursuant to a third-party subpoena issued to Kirkland & Ellis LLP ("Kirkland") in this case. TransPerfect demands that Kirkland designate as a custodian an attorney who did not represent the Defendants during the Auction, has never represented the Defendants, and has no relevant or discoverable information related to the claims or defenses in this litigation. TransPerfect baldly asserts that Ms. Lewis's documents are relevant to its "claim that Lewis was a *potential conduit* of TransPerfect trade secrets to Defendants" (Mot. at 2 (emphasis added)), but these arguments are based on plainly erroneous theories the Court has already rejected in multiple respects. TransPerfect's motion should be denied.

*First*, TransPerfect's motion is based on its own incorrect assertion, previously rebutted by Defendants, that Ms. Lewis represented Defendants and accessed the Data Room on behalf of Defendants. In fact, Ms. Lewis did not represent Defendants during the Auction and has never done so. In connection with TransPerfect's challenge to Defendants' invocation of the attorney-client privilege, Ms. Lewis submitted a sworn declaration that she (i) has "never performed work for H.I.G. or Lionbridge," (ii) "did not represent H.I.G. or Lionbridge in connection with the TransPerfect auction," and (iii) was not "aware that a separate Kirkland team was representing H.I.G. or Lionbridge in the TransPerfect auction."[1]  ECF No. 100. Ms. Lewis was instead part of a walled-off team representing an entirely separate bidder and had no contact with Defendants or the Kirkland team

---

[1] As TransPerfect explained, it initially requested "that Defendants designate their KE attorneys as party custodians." Mot. at 1 n1. Under its own position, TransPerfect would not have been entitled to Ms. Lewis's documents at all because Defendants do not have had control over her documents.

KIRKLAND & ELLIS LLP

The Honorable Denise L. Cote
October 6, 2020
Page 2

representing Defendants.  *Id.*  Further, we have confirmed that for the entirety of the Auction period Ms. Lewis had *no* emails with H.I.G. or Lionbridge, and *no* emails to or from any of the Kirkland attorneys who represented H.I.G. and Lionbridge that TransPerfect requested Kirkland designate as custodians.  Rose Decl. ¶¶ 3-4.  Simply put, Ms. Lewis has no discoverable information, because she did not have any involvement in the relevant facts or contact with the relevant parties.  TransPerfect's argument that it should be permitted to "test Defendants' theory through related discovery" amounts to an attempt to capitalize on TransPerfect's own factual error in reviewing Data Room access records, and would pointlessly drive up the cost of Kirkland's compliance with its subpoena without resulting in any relevant information. Mot. at 2.

*Second*, TransPerfect suggests that Ms. Lewis may have accessed "Data Room Duplicate" versions of documents placed in the Clean Room, and therefore "Defendants *could have* circumvented Clean Room access restrictions" through a cross-referencing process.  Mot. at 2 (emphasis added).  TransPerfect unsuccessfully made this same argument in its August 18 submission regarding Defendants' invocation of the attorney-client privilege (ECF No. 98 at 2-4), and it should be rejected again here.  Even leaving aside the fact that Ms. Lewis had no contact with H.I.G., Lionbridge, or the Kirkland team representing them, TransPerfect's argument fails because there is no evidence that anyone at H.I.G., Lionbridge, or Kirkland exceeded the access permitted by the Confidentiality Agreement.  Indeed, the Court dismissed TransPerfect's CFAA claim at the pleading stage for precisely this reason.  ECF No. 54 at 17 ("The Amended Complaint makes no allegation that the defendants exceeded the access permitted by the Confidentiality Agreement.").  TransPerfect's speculative relevance arguments are insufficient to meet its burden to compel discovery. *Edmondson v. RCI Hosp. Holdings, Inc.*, No. 16-CV-2242(VEC), 2018 WL 4112816, *1-2 (S.D.N.Y. Aug. 29, 2018) (collecting cases) ("[T]he burden is on [the moving party] to make a showing of relevance *before* this Court will compel disclosure.  Without that showing, Plaintiffs have embarked on precisely the sort of fishing expedition that the Federal Rules do not allow.").

Even if TransPerfect's relevance arguments had merit—which they do not—TransPerfect has failed to demonstrate "that the additional requested custodian[] would provide *unique* relevant information not already obtained." *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 107 (S.D.N.Y. 2013).  Kirkland has agreed to produce documents from nine attorneys *who represented Defendants* in the Auction, including every attorney TransPerfect alleges accessed the Clean Room.[2]  And H.I.G. and Lionbridge have agreed to produce relevant documents from a total of 22 custodians, including every person from H.I.G. or Lionbridge who accessed the Data Room.  If Ms. Lewis communicated with any of these individuals during the Auction—which she did not—TransPerfect will receive those documents or a privilege log identifying her as a sender or recipient of a document based on the agreed-upon custodians.  As such, TransPerfect has not identified any "*unique* relevant information" that would justify adding Ms. Lewis as a custodian.  *Id.*

---

[2]   TransPerfect does *not* contend that Ms. Lewis accessed the Clean Room.

## KIRKLAND & ELLIS LLP

The Honorable Denise L. Cote
October 6, 2020
Page 3

              Sincerely,

              *s/ Aaron Marks*

              Aaron Marks, P.C.

cc:  All Counsel of Record (via ECF)

KIRKLAND & ELLIS LLP