

100 Wall Street
20th Floor
New York, NY 10005

Main: 212.431.8700
Fax: 212.334.1278
foster.com

March 17, 2021

**VIA ECF**



Hon. Denise L. Cote
United States District Court
Southern District of New York

Re:  TransPerfect Global Inc. v. Lionbridge Technologies, Inc., et ano., No. 1:19-CV-03283

Dear Judge Cote:

Along with Russo PLLC, this firm represents Plaintiff TransPerfect Global, Inc. in the above matter.  We seek to compel Defendants Lionbridge Technologies and H.I.G. Middle Market LLC to provide revenue and pricing information (collectively "the Data") regarding Bristol Myers Squibb ("BMS") and UnitedHealth Group ("UHG") for the period January 1, 2017 to the date the complaint in this action ("the Relevant Period") as ordered by the Court on February 3, 2021 (ECF Doc. # 159) ("the Order").

As set forth in the accompanying declaration of my colleague Malcolm Seymour, the Order established a procedure for the parties to exchange information regarding customers with which they both did business, to ascertain the competitive impact of Defendants' access to Plaintiff's trade secret information, including pricing to particular customers.  By this procedure, the parties were to identify such customers, called Impacted Clients, and then exchange the applicable Data.  Plaintiff designated BMS and UHG as Impacted Clients, but Defendants have nevertheless failed and refused to provide the Data for the Relevant Period regarding BMS and UHG.

Defendants do not deny that BMS and UHG are clients of both Lionbridge and Plaintiff.  Nor do defendants contend that production of the Data for these customers for the Relevant Period would be burdensome.  Indeed, Defendants have produced Data for a number of other Impacted Clients

Defendants' sole rationale for refusing to provide the Data for BMS and UHG is that Lionbridge did not submit a formal proposal for business to either BMS or UHG.  However, as set forth in Mr. Seymour's accompanying affidavit, Defendants adopt a far too constricted and limited meaning of the term "proposal" as used in the protocol established for the exchange of Data.

As set forth in Mr. Seymour's Declaration, the parties intent was to formulate limitations to mitigate any burden on the parties while nevertheless fully capturing TransPerfect clients to whom or which Lionbridge made a bid or proposal, or otherwise solicited for business.

FG:11534372.3

SEATTLE        PORTLAND        WASHINGTON, D.C.        NEW YORK        SPOKANE        BEIJING

March 17, 2021
Page 2

Plaintiff had to rely on Defendants' knowledge of its own business in determining an appropriate way to comprehensively capture the Data while managing the necessary burden.  To now claim the absence of a "proposal" as a basis for not producing the Data for BMS and UHG contradicts at the very least the spirit of the parties' agreement, and puts form over substance.

Accordingly, and for the reasons set forth in Mr. Seymour's accompanying declaration, Plaintiff respectfully requests that the Court specifically order Defendants to produce the Data for BMS and UHG a date certain within a week of the Court's determination of this application.

The defendants shall file by **noon** on **Friday, March 19, 2021** a response to this letter.   03.17.21

Respectfully,

FOSTER GARVEY PC

_____
DENISE COTE
United States District Judge

/s/ Andrew J. Goodman
Andrew J. Goodman