```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
TRANSPERFECT GLOBAL, INC.,               :
                                         :
                      Plaintiff,         :       19cv3283 (DLC)
                                         :
           -v-                           :          Order
                                         :
LIONBRIDGE TECHNOLOGIES, INC. and        :
H.I.G. MIDDLE MARKET, LLC,               :
                                         :
                      Defendants.        :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

In October 2020, the defendants served a subpoena ("Subpoena") on non-party Tusk Strategies, Inc. ("Tusk"). Tusk describes itself as a consultant that worked with Citizens for a Pro-Business Delaware ("CPBD") "to address the concerns of employees of TransPerfect that the forced sale of their company jeopardized their jobs." The defendants argue that CPBD worked with TransPerfect's owner to "undermine the auction process by publicly taking derogatory shots at the Custodian and Defendants during the Auction."

The Subpoena required Tusk to produce, among other things, (1) all documents and communications concerning the auction of TransPerfect Global, Inc. ("TransPerfect"), and (2) all documents and communications with TransPerfect and its employees, directors, and shareholders. In an email of January

4, 2021, the defendants agreed that Tusk could satisfy those requests by producing "(i) documents sufficient to show the funding sources for [non-party CPBD] from May 16, 2016 to April 30, 2019 and (ii) documents sufficient to show payments made by or on behalf of CPBD or TransPerfect to Tusk during the same period, if any exist."

In response to the Subpoena, Tusk produced 30 payment receipts ("Receipts") that reflect millions of dollars in fees it received from CPBD and counsel for TransPerfect's owner. Each Receipt identifies the payor, the amount received, an invoice number for the underlying transaction, and the date of the invoice.  In an email of March 1, the defendants asked Tusk to produce the underlying invoices ("Invoices") referenced by the Receipts.  In emails dated March 16 and 18, Tusk refused to produce the Invoices.

On March 22, the defendants moved this Court to compel Tusk to produce the Invoices.  Tusk opposed the defendants' motion on March 24.  Tusk argues that the Receipts are "sufficient to show" Tusk's payments to CPBD.  The defendants claim that the Invoices are directly responsive to the Subpoena.  The defendants do not grapple with the extent to which Tusk's production satisfies its obligations under the January 4 agreement.

Tusk's production of the Receipts having satisfied its obligation under the parties' January 4 agreement, it is hereby

ORDERED that the defendants' March 22 request is denied.

Dated:   New York, New York
         March 26, 2021

                              _____
                              DENISE COTE
                              United States District Judge