# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Aaron Marks, P.C.<br>To Call Writer Directly:<br>+1 212 446 4856<br>aaron.marks@kirkland.com | 601 Lexington Avenue<br>New York, NY 10022<br>United States<br><br>+1 212 446 4800<br><br>www.kirkland.com | Facsimile:<br>+1 212 446 4900 |

July 23, 2021

Granted.

*Denise Cote*

7/30/21

**VIA ECF**
Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

Re: *TransPerfect Global, Inc. v. Lionbridge Technologies, Inc., et al.,*
Case No. 1:19-cv-3283-DLC

Dear Judge Cote:

Pursuant to the Stipulation and Order Re: Summary Judgment Schedule (ECF No. 192), Defendants respectfully request authorization to file in redacted form Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 and Appendix thereto ("Memorandum of Law"), Declaration of Aaron H. Marks in Support of Defendants' Motion for Summary Judgment ("Marks Declaration"), Rule 56.1 Statement of Undisputed Fact in Support of Defendants' Motion for Summary Judgment ("Rule 56.1 Statement"), Affidavit of John Fennelly in Support of Defendants' Motion for Summary Judgment ("Fennelly Affidavit"), Affidavit of Richard Tobin in Support of Defendants' Motion for Summary Judgment ("Tobin Affidavit"), and Affidavit of Aaron Tolson in Support of Defendants' Motion for Summary Judgment ("Tolson Affidavit") (collectively the "Redacted Documents").

The Redacted Documents contain and reflect information designated Confidential or Highly Confidential by Plaintiff, Defendants, and/or third parties (the "Parties") under the Court's June 3, 2020 Order Regarding Confidential Discovery Material (ECF No. 78) (the "Confidentiality Order"). The harm from public disclosure outweighs any presumption of public access. *GoSMiLE, Inc. v. Dr. Johnathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011); *see also* Fed. R. Civ. P. 26(c)(1)(G) (protecting "confidential research, development, or commercial information").

Under the Confidentiality Order, the Parties may designate as "Confidential Information" "trade secrets, commercially sensitive business information, [and] sensitive personal or financial information." The Parties may designate as "Highly Confidential Information" materials which meet this criteria and in addition its "disclosure, or further disclosure, . . . would result in a clearly defined, serious and irreparable injury to the designating party that cannot reasonably be protected by alternate means." The Redacted Documents reflect information designated as Confidential or Highly Confidential by the

## KIRKLAND & ELLIS LLP

Hon. Denise L. Cote
July 23, 2021
Page 2

Parties. While there is a presumption of public access to judicial documents, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), the public's interest in access is outweighed when the subject matter of the material is private, commercially sensitive information, *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). This Court often allows such information in redacted form. *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (granting motion to seal "confidential research and development information, marketing plans, revenue information, pricing information, and the like"); *LG Elecs. Inc. v. St. Lawrence Commc'ns., LLC*, C.A. No. 1:18-cv-11082 (DLC) (S.D.N.Y. Oct. 1, 2019) (ECF No. 129), at 1–2 (granting letter to file in redacted form documents containing "internal financial and sales data" where such information could be used by competitors to cause the party "substantial harm and competitive disadvantage"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 485, 511 (S.D.N.Y. 2015) (finding financial records for private companies implicate "legitimate privacy interests" that weigh against disclosure); *GoSMiLE, Inc.*, 769 F. Supp. 2d at 649–650 (granting motion to seal "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (granting motion to seal business information that "may provide valuable insights into a company's current business practices").

The Parties' interest in keeping this information private is especially strong where, as here, alleged trade secrets and confidential business information were the subject of the majority of discovery. *Laura Laaman & Assocs., LLC v. Davis*, 2019 WL 3716512, at *2–3 (D. Conn. Aug. 7, 2019) (finding "disclosure of these materials would cause . . . competitive harm that outweighs the presumption of open access"); *GoSMiLE, Inc.*, 769 at 649-50 (finding exhibits alleged to contain trade secrets included "proprietary material concerning the defendants' marketing strategies, product developments, costs, and budgeting").

Pursuant to Your Honor's Individual Practices, we have enclosed full, unredacted versions of the Redacted Documents.

Concurrently with this letter: (1) Defendants are filing public versions of the following exhibits filed on July 16 under seal: Exhibits 1–42, 47–49, 56–59, and 195; and (2) Defendants are filing corrected versions of the following exhibits filed on July 16 under seal: Exhibits 64, 66, 68, 70, 72, 74, 76, 78, 80, 82, 84, 86, 88, 90, 92, 94, 96, 98, 100, 102, 104, 106, 108, 110, 112, 114, 116, 133, 135, 137, 139, 141, 143, 145, 147, 149, 151, 172, 174, and 182. These corrected versions are Bates-stamped copies of the same exhibits filed previously at these exhibit numbers on July 16, and contain the same content as the previously filed versions without highlighting. Marks Declaration ¶¶ 65–118, 134–153, 173–176, 183–184. For the Court's convenience, we are re-filing a complete set of the public versions of the exhibits to the Marks Declaration along with these corrections.

We thank the Court for its consideration of this request.

## KIRKLAND & ELLIS LLP

Hon. Denise L. Cote
July 23, 2021
Page 3

                                          Respectfully submitted,

                                          */s/ Aaron Marks*

                                          Aaron Marks, P.C.

cc: All Counsel of Record (via ECF)