UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
TRANSPERFECT GLOBAL, INC.,           :
                                     :
                          Plaintiff, :        19cv3283 (DLC)
             -v-                     :
                                     :        OPINION AND ORDER
LIONBRIDGE TECHNOLOGIES, INC. and    :
H.I.G. MIDDLE MARKET, LLC,           :
                                     :
                          Defendants.:
                                     :
------------------------------------ X

APPEARANCES:

For the plaintiff:
Russo PLLC
Martin P. Russo
Robert Sidorsky
350 Fifth Avenue, Suite 7230
New York, New York 10118

Foster Garvey, P.C.
Andrew J. Goodman
Malcolm Seymour
100 Wall Street, 20th Floor
New York, New York 10005

For the defendants:
Kirkland & Ellis LLP
Aaron Marks
Julia Harper
601 Lexington Avenue
New York, New York 10022

Kirkland & Ellis LLP
Kristin Rose
333 South Hope Street
Los Angeles, CA 90071

DENISE COTE, District Judge:

After prevailing on summary judgment in this trade secret misappropriation case, defendants Lionbridge Technologies, Inc. ("Lionbridge") and H.I.G. Middle Market, LLC ("H.I.G." and together with Lionbridge, "Defendants") now move for attorneys' fees and costs from plaintiff TransPerfect Global, Inc. ("TransPerfect").  For the following reasons, the defendants' motion is denied.

## Background

This Court assumes familiarity with the Opinion granting summary judgment to the Defendants and summarizes only the facts necessary to decide this motion.  See TransPerfect Glob., Inc. v. Lionbridge Techs., Inc., No. 19CV3283 (DLC), 2022 WL 195836 (S.D.N.Y. Jan. 21, 2022).  This lawsuit was filed roughly fifteen months after it was announced that Philip R. Shawe had submitted the winning bid in the court-supervised auction ("Auction") for the sale of TransPerfect.  Shawe had founded TransPerfect with Elizabeth Elting in 1992 and the Auction permitted Elting to dissolve her relationship with TransPerfect and receive compensation for her ownership interest.

One of the participants in the Auction process was H.I.G., which had acquired TransPerfect-competitor Lionbridge in February 2017.  As part of the Auction, third-party bidders were given access to confidential TransPerfect information

("Evaluation Material").  Of some significance to the discussion
that follows, the agent for the court-appointed Custodian for
TransPerfect mistakenly gave those bidders access to more
TransPerfect information than it should have.  Ultimately, on
November 19, 2017, the Custodian selected Shawe as the winning
bidder.

TransPerfect brought this action in April 2019.  The
complaint contained state law claims and a claim for
misappropriation of trade secrets under the Defend Trade Secrets
Act ("DTSA").  In brief, TransPerfect claimed that the
Defendants improperly gained access to TransPerfect's
proprietary pricing methodologies during the Auction and used
this information to poach TransPerfect clients.  In fact,
according to the Complaint, the Defendants were never legitimate
bidders in the Auction and participated solely to gain access to
TransPerfect's trade secrets.  Relatedly, TransPerfect alleged
that H.I.G refused to comply with a demand letter to return and
destroy the Evaluation Material.

During the lawsuit, TransPerfect sought to find evidence to
support its claims.  Once it became clear that there was no
evidence that H.I.G. acquired any TransPerfect trade secrets
through improper means, TransPerfect focused its claims instead
on its contention that the Defendants had improperly used trade
secrets acquired through the Auction to compete with it.

TransPerfect identified two categories of trade secrets to which
H.I.G. had been given access during the Auction process and
argued that the Defendants used this information to compete for
business from two of its largest clients:  IQVIA and Merck.  It
identified the trade secrets as its average rate of payment to
its freelance linguists, specifically in terms of cents per
word, and its revenues per customer.  In each case, this
information related to TransPerfect's operations during the
years 2014 and 2015.

As explained in the Opinion granting summary judgment to
the Defendants, TransPerfect abandoned its claim that H.I.G.
refused to comply with a request to return and destroy
Evaluation Material.  More significantly, TransPerfect failed to
offer evidence that the Defendants used its trade secrets for
any purpose other than what was permitted by the Agreement that
governed H.I.G.'s access to the Evaluation Material.  Among
other things, it failed to offer evidence that H.I.G. made a
disclosure of its trade secrets to unauthorized individuals at
Lionbridge.  TransPerfect also failed to offer evidence that it
was damaged by any alleged misappropriation of its trade
secrets.

Having succeeded in obtaining summary judgment, the
Defendants filed their motion for attorneys' fees, costs, and

expenses on February 18.  The motion became fully submitted on April 15.

## <u>Discussion</u>

The DTSA permits a court to "award reasonable attorneys' fees to the prevailing party" when a claim of misappropriation is "made in bad faith," which "may be established by circumstantial evidence."  18 U.S.C. § 1836(b)(3)(D).  Courts also have the inherent power to award attorneys' fees for bad faith.  <u>Kerin v. U.S. Postal Serv.</u>, 218 F.3d 185, 190 (2d Cir. 2000).  To impose fees through a court's inherent power, the movant must satisfy a two-pronged standard.  It must show "first, that the challenged claim was without a colorable basis and, second, that the claim was brought in bad faith, <u>i.e.</u>, motivated by improper purposes such as harassment or delay."  <u>Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.</u>, 991 F.3d 361, 368 (2d Cir. 2021) (citation omitted).  For a claim to lack color, "it must lack <u>any</u> legal or factual basis."  <u>Liebowitz v. Bandshell Artist Mgmt.</u>, 6 F.4th 267, 283 (2d Cir. 2021) (emphasis added)(citation omitted).  A finding that the claim was motivated by improper purposes "may be inferred when an action is so completely without merit as to require the conclusion that it must have been undertaken for some improper purpose."  <u>Int'l Techs. Mktg., Inc.</u>, 991 at 368 (citation omitted).  Both prongs of the standard "must be supported by a

5

high degree of specificity in the factual findings." Liebowitz,
6 F.4th at 283 (citation omitted).

There is no question that the Defendants are the prevailing
party in this litigation.  At issue is whether they have shown
that TransPerfect brought the misappropriation claim in bad
faith.  The Defendants argue first, that TransPerfect initiated
and pursued this case without any factual support for the
allegations made in its complaint and second, that Shawe (and
therefore TransPerfect) did so because he was angry that the
Auction process required him to pay more than he wanted to pay
for TransPerfect and because he wanted to damage TransPerfect's
competitor Lionbridge.

TransPerfect argues that the narrowing of its claims of
misappropriation during the discovery period reflects a
"refinement" and its willingness to proceed with "rigor and
caution" rather than its bad faith in filing suit.  In defending
its filing of the lawsuit, TransPerfect principally explains
that it did not bring the action until after its counsel had
spent months trying to understand what Evaluation Material had
been provided to H.I.G. and performing legal research, after it
heard that its sales staff "felt" that Lionbridge was competing
unfairly, and after its counsel had interviewed a

"whistleblower" for an hour.[1]  While feelings may provide a
reason to investigate a claim, they do not provide a good faith
basis for filing an action.  It also appears that any reasonably
conducted interview of the so-called whistleblower would have
quickly revealed that he could provide no adequate support for
the claims brought here.  After filing this litigation,
TransPerfect appeared to be conducting a search for a viable
claim.  It continued this search even after it became clear that
it could not prove that it had suffered any damages from an
alleged misappropriation of its trade secrets.

Turning to other evidence of TransPerfect's bad faith in
bringing this lawsuit, the Defendants point out that Shawe spent
years opposing both the Delaware Court of Chancery's decision to
appoint a Custodian to oversee the Auction and the Custodian's
decision to allow third-party bidding.  Shawe brought litigation
against virtually every entity connected to the Auction,
including the Court of Chancery, the Custodian, and the
Custodian's advisors.  According to the Custodian, Shawe
orchestrated a campaign to undermine the Auction.  The Court of

---

[1] The whistleblower is a former Lionbridge employee who
personally received TransPerfect pricing information from
TransPerfect client IQVIA.  Thus, it is not surprising that he
could explain to TransPerfect's counsel that he had "personally
witnessed Lionbridge using TransPerfect pricing information on
project bids for IQVIA."

Chancery compared TransPerfect's litigation strategy as akin to "throwing pizzas at the wall" and the Delaware Supreme Court described Shawe's conduct as "reprehensible." In re TransPerfect Glob., Inc., No. CV 10449-CB, 2021 WL 1711797, at *1, *6 (Del. Ch. Apr. 30, 2021), reconsideration denied, No. CV 10449-CM, 2021 WL 2030094 (Del. Ch. May 21, 2021).

This is an unsavory business. The question remains, however, whether the Defendants have shown TransPerfect's bad faith to the degree demanded by the law. While they have made a strong showing, they have failed to meet the standard described above.

### Conclusion

The Defendants' February 18, 2022 motion for an award of attorneys' fees and costs is denied. Pursuant to the February 2, 2022 Order, the deadline to file a notice of appeal begins 30 days from today.

Dated:     New York, New York
           May 31, 2022

_____
DENISE COTE
United States District Judge